

**FILED**

U.S. Department of Justice

Corey R. Amundson
Chief, Public Integrity Section
Criminal Division



OCT 2 0 2020

Clerk, U.S. District and
Bankruptcy Courts

*1331 F Street, NW*
*Washington, DC 20530*

September 30, 2020

Jeffrey H. Knox
Simpson Thacher & Bartlett LLP
900 G Street NW
Washington, DC 20001

William A. Burck
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005

George Terwilliger
McGuireWoods, LLP
2001 K Street, NW, Suite 400
Washington, D.C. 20006

Re:  United States v. Elliott Broidy
     Criminal Case No. 1:20-cr-<u>210</u> - <u>CKK</u>

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Elliott Broidy (hereinafter referred to as "your client" or "defendant"), from the Public Integrity Section of the Department of Justice, Criminal Division (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on September 30, 2020. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement ("this Agreement"). The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to plead guilty to an Information charging your client with Conspiracy to Serve as an Unregistered Agent of a Foreign Principal, in violation of 18 U.S.C. § 371. Your client understands that a violation of 18 U.S.C. § 371 has the following elements:

    i.     an agreement between two or more persons;
    ii.    to commit an offense or offenses against the United States, in this case to violate the Foreign Agents Registration Act, 22 U.S.C. § 618(a)(1);
    iii.   with knowledge of the conspiracy and with actual participation in it;

iv. where one or more of the co-conspirators takes an overt act in furtherance of the conspiracy.

Your client understands that a violation of 18 U.S.C. § 371 carries a maximum sentence of five years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); an obligation to pay any applicable interest or penalties on fines and restitution not timely made; and forfeiture as set forth below.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense or the additional conduct referenced in paragraph 5 below.

4. **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

With respect to the object offense of 22 U.S.C. § 618(a)(1) (Unregistered Agent in violation of the Foreign Agents Registration Act ("FARA")), your client and the Government agree that the Sentencing Guidelines do not contain a guideline, but call for the use of the most analogous guideline. U.S.S.G. § 2X5.1. Under the facts of this case, the parties agree that there is no sufficiently analogous guideline. Thus, the factors set forth in 18 U.S.C. § 3553(a) shall control for this object offense, except that any guidelines and policy statements that can be applied meaningfully shall remain applicable. U.S.S.G. § 2X5.1.

### A. Estimated Criminal History Category

Based upon the information now available to this Office, your client has one prior misdemeanor conviction.

Accordingly, your client is estimated to have one criminal history point and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### B. Estimated Guidelines Range

Based upon the above, there is no estimated Sentencing Guidelines range (the "Estimated Guidelines Range"). Likewise, pursuant to U.S.S.G. § 5E1.2, there is no estimated Guidelines range for the applicable fine. Your client reserves the right to ask the Court not to impose any applicable fine.

Your client understands and acknowledges that the parties' agreement that no guideline applies to the offense of conviction is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a Guidelines range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement.

### 5. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In connection with informing the presentence report writer and the Court of any relevant facts, the parties agree that the Government will present information relating to your client's efforts obtain business from a Middle Eastern country and your client's efforts to influence U.S. policy towards a second Middle Eastern country and its alleged support of terrorist activities, and your client has the right to contest the matter. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the Court, even if those calculations differ from the parties' agreement that no guideline applies as referenced herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to argue for a sentence within the

Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the parties' agreement that no guideline applies.

In addition, if in this Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government and your client reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, given that the parties anticipate that your client's sentencing will be delayed until his cooperation is concluded, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure or otherwise reduce your client's sentence under the sentencing factors provided in 18 U.S.C. § 3553(a) based on your client's substantial assistance to the Government, even if the Government files a motion or recommends a reduction. Your client understands that the Government's recommendation is not binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that does rely on a Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

7. **Conditions of Release**

Your client acknowledges that, although the Government will not seek your client's detention pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with the Government, may result in the Government filing an ex parte motion

4

with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

8. **Cooperation**

Your client agrees to cooperate with the Government on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this Agreement by your client, and will relieve the Government of its obligations under this Agreement, including, but not limited to, its obligation to inform this Court of any assistance your client has provided. Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of your client's obligations under this Agreement.

(b) Your client shall promptly turn over to the Government, or other law enforcement authorities, or direct such law enforcement authorities to, any and all evidence of crimes about which your client is aware; all contraband and proceeds of such crimes; and all assets traceable to the proceeds of such crimes. Your client agrees to the forfeiture of all assets which are proceeds of crimes or traceable to such proceeds of crimes.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client acknowledges and understands that, during the course of the cooperation outlined in this Agreement, your client will be interviewed by law enforcement agents and/or Government attorneys.

(e) Your client shall testify fully, completely and truthfully before any and all Grand Juries in the District of Columbia and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(f) Your client understands and acknowledges that nothing in this Agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Agreement and will relieve the Government of all of its obligations under this Agreement, including, but not limited to, its

obligation to inform this Court of any assistance your client has provided. However, your client acknowledges and agrees that such a breach of this Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of the obligations under this Agreement.

(g)     Your client agrees to abide by any and all release conditions imposed by the Court.

9.     **Waivers**

A.     **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

B.     **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty

plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

### C.    **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, with the exception of two circumstances: First, if the Court sentences your client above the statutory maximum, your client retains the right to appeal the sentence and the right to challenge his sentence in a collateral attack. Second, if the Court determines an applicable Guidelines range despite the parties' agreement that no guideline applies to this offense, your client and the Government retain the right to appeal the sentence and the manner in which it was determined and your client retains the right to challenge his sentence in a collateral attack. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence that are waived pursuant to the above agreement.

### D.    **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim based on the exceptions outlined in the paragraph above. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

E. **Witness Fees**

Your client further agrees to waive all rights, claims, or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821(b) for your client's appearance at any grand jury, witness conference, or court proceeding, during the course of your client's cooperation pursuant to this Agreement or any term of your client's incarceration.

10. **Use of Self-Incriminating Information**

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement and that this Agreement supersedes any prior agreement, including a "proffer" agreement, of the parties.

11. **Restitution**

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A. Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

12. **Forfeiture**

(a) Your client agrees to a forfeiture money judgment in the amount of $6.6 million, reflecting the proceeds from the offense set forth in the Statement of Offense, pursuant to a payment schedule to be set no later than the date of sentencing.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a Preliminary Consent Order of Forfeiture for this property at the time of your client's guilty plea or at any time before sentencing. Your client agrees that this Order will become final as to your client when it is issued and will be a part of his sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) To satisfy the forfeiture, if your client does not meet the payment schedule to be set no later than sentencing, your client agrees that this Agreement permits the Government to seek to forfeit any of your client's assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this Agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violation in Count One, to which your client is pleading guilty; (2) any substitute assets for property otherwise subject to forfeiture. *See* Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p).

(d) If your client does not make payments pursuant to the payment schedule, your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since March 2017 or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns from January 2017 to the present. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(g) This Office agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery Section at the Department of Justice that any monies obtained

from your client through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case. Your client understands that if this request is denied, your client will be liable to pay both the restitution and forfeiture judgments. Your client understands that forfeiture and restitution are separate obligations and that that the Court does not have the authority to offset them against each other.

13. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; (d) no motion pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(c) will be filed or sought; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

14. **Government's Obligations**

The Government will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation. If the Court determines an applicable Guidelines range despite the parties' agreement that no guideline applies to this offense, the Government may move the Court to depart from any applicable Guidelines range pursuant to Section 5K1.1 of the Sentencing Guidelines.

The Government will evaluate the full nature and extent of your client's cooperation to determine whether your client has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. If the Government determines that your client has provided such substantial assistance, it shall inform the Court. The determination of whether your client has provided substantial assistance is within the sole discretion of the Government and is not reviewable by the Court unless such determination is made in bad faith. In the event your client should fail to perform specifically and fulfill completely each and every one of your client's obligations under this Agreement, the Government will be free from its obligations under this Agreement, and will have no obligation to make any sentencing recommendation regarding any cooperation provided by your client.

15. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and a representative from the Department of Justice, Criminal Division's Public Integrity Section.

Your client further understands that this Agreement is binding only upon the Department of Justice, Criminal Division and National Security Division, and does not bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than September 30, 2020.

    Sincerely yours,

    COREY R. AMUNDSON
    Chief, Public Integrity Section
    Criminal Division
    U.S. Department of Justice

By:   */s/ John D. Keller*
    John D. Keller
    Principal Deputy Chief
    Sean F. Mulryne
    Deputy Director, Election Crimes Branch
    Nicole R. Lockhart
    James C. Mann
    Trial Attorneys
    Public Integrity Section

DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys, Jeffrey H. Knox, William A. Burck, and George Terwilliger. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Agreement and matters related to it.

Date: 9·30·20

Elliott Broidy
Defendant

ATTORNEYS' ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Elliott Broidy, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9·30·20

William A. Burck          George J. Terwilliger III          Jeffrey H. Knox